FILED
SUPERIOR COURT
OF GUAM

2018 MAR -8 AM 9: 17

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
# OF GUAM

DEPARTMENT OF CORRECTIONS, GOVERNMENT OF GUAM

                    Petitioner,

    vs.

CIVIL SERVICE COMMISSION,

                    Respondent,

ERIC S.N. SANTOS,

                    Real Party in Interest

Case No. SP0164-16

**DECISION & ORDER**

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Real Party in Interest Eric S.N. Santos' Motion to Dismiss for Failure to Prosecute. Attorney Joshua D. Walsh represents Real Party in Interest Eric S.N. Santos. Assistant Attorney General David J. Highsmith represents Petitioner Department of Corrections, Government of Guam. Attorney R. Todd Thompson represents Respondent Civil Service Commission. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order denying Real Party in Interest Eric S.N. Santos' motion.

## BACKGROUND

This matter arises out of Petitioner Department of Corrections, Government of Guam's ("DOC") Petition for Writ of Mandate or Judicial Review filed September 26, 2016. DOC argues that Respondent Civil Service Commission ("the Commission") exceeded its authority in reconsidering its August 14, 2016 decision to terminate Real Party in Interest Eric S.N. Santos's ("Santos") employment at DOC. On October 14, 2016, Santos filed a Verified Answer to the Petition. On November 1, 2017, Santos filed the present Motion to Dismiss for Failure to Prosecute. Santos argues that DOC has unreasonably delayed the resolution of this matter by failing to prepare a record of administrative proceedings for review and failing to order transcripts of the proceedings before the Commission. On November 29, 2017, DOC filed an Opposition in response. DOC asserts that it has not failed to prosecute the case, and that it relied on Santos' counsel's representation that he would order transcripts from the Commission. Further, DOC contends that the one year delay is insufficient to justify dismissal and that there are other lesser sanctions available. On December 13, 2017, Santos filed a Reply. The Court took the matter under advisement on December 15, 2017.

## ISSUE

1. Whether the circumstances of the delayed prosecution in this matter warrant the dismissal of the case.

## FACTS

1. DOC filed the Petition for Writ of Mandate or Judicial Review on September 26, 2016.

2. On October 10, 2016, DOC filed a request with the Commission to create a transcript for its appeal. DOC requested a transcript consisting of the entire trial on the merits and all proceedings on Santos' Motion to Dismiss and subsequent Motion to Reconsider.

3.  On October 10, 2016, DOC sent Santos and the Commission a Notification that it had ordered the pertinent transcripts from the Commission.

4.  On November 28, 2016, DOC requested a transcription estimate from George Castro of Depo Services.

5.  On December 13, 2016, DOC informed the Commission that in an effort to cut costs, DOC reduced its request to only the motion hearings held on December 1, 2015 and May 3, 2016.

6.  On August 18, 2017, in response to an email from DOC's counsel, Santos' counsel represented that he received transcripts. Both Santos and DOC's counsel agreed to a proposed briefing schedule.

7.  On October 17, 2017, DOC's counsel requested from Santos' counsel an update regarding the transcripts from the Commission hearings.

8.  On November 1, 2017, Santos filed the present Motion to Dismiss for Failure to Prosecute.

**PRINCIPLES OF LAW**

**Dismissal for Failure to Prosecute**

The Guam Rules of Civil Procedure allow a defendant to move for dismissal when a plaintiff does not actively prosecute the case. Rule 41(b) provides "[f]or failure of the plaintiff to prosecute..., a defendant may move for dismissal of an action or of any claim against the defendant." Guam R. Civ. P. 41(b). The Supreme Court of Guam has provided a five-factor test to determine whether dismissal for failure to prosecute is appropriate. Under this test, the court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

sanctions." Santos v. Carney, 1997 Guam 4 ¶ 5 (quoting In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994)). The Supreme Court has also clarified that courts should refrain from dismissing a case under Rule 41 when the delay is reasonable. Guam Econ. Dev. Auth. V. Affordable Home Builders, Inc., 2013 Guam 12 ¶ 12. "A delay is unreasonable if there is a significant period of total inactivity by the plaintiff , the plaintiff fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or the plaintiff fails to obey court rules and court orders." Edwards v. Harris County Sheriff's Dep't, 864 F.Supp. 633, 637 (S.D. Tex. 1994)

The first two factors are usually analyzed together. United Pacific Isalnders' Corp. v. Cyfred, Ltd., 2017 Guam 6 ¶ 27. "In assessing these first two factors, the court must determine if the plaintiff failed in its obligation to reasonably move the case forward, taking into consideration the length and reasons for delay." Id. Further, "only an unreasonable delay will support dismissal for lack of prosecution." Id. Under the third factor, the burden to prove prejudice shifts to the defendant if the plaintiff provides a reasonable excuse for inaction. Id. ¶ 30. If, however, the court determines that the delay is unreasonable, prejudice is presumed. Id.

With respect to the fourth factor, the Supreme Court has explained that "public policy favors the disposition of cases on their merits and disfavors the dismissal of cases prematurely." Lujan v. McCreadie, 2014 Guam 19 ¶ 21. Thus, this factor usually does not support dismissal. See Park v. Kawashima, 2010 Guam 10 ¶ 22. "The question is whether the policy of determining cases on their merits justifies the delay and prejudice causes by the party's actions." Id. Under the fifth factor, courts "must consider alternative sanctions before dismissal." United Pacific Isalnders' Corp. v. Cyfred, Ltd., 2017 Guam 6 ¶ 34. Lesser sanctions include a warning, not allowing oral arguments on a motion, or a monetary sanction. See McCreadie, 2014 Guam 19 ¶ 25.

The Supreme Court further explained that "[w]hen balancing these factors, dismissal is

appropriate if at least four factors favor dismissal or three factors strongly support dismissal." United Pacific Isalnders' Corp. v. Cyfred, Ltd., 2017 Guam 6 ¶ 21 (citing Park v. Kawashima, 2010 Guam 10 ¶ 10) (internal quotations omitted).

## ANALYSIS

In determining whether dismissal for failure to prosecute is appropriate in this matter, the Court will analyze all five factors. Like the Supreme Court, this Court will consider the first two factors together. DOC initiated this action a little over thirteen months before Santos filed the present Motion to Dismiss. During this time, DOC was active in preparing materials such as transcripts from the hearings before the Commission. However, in an effort to limit costs, DOC reduced the extent of material it sought to obtain. Additionally, during this time, DOC's counsel was in communication with Santos' counsel with respect to the preparation of transcripts. The Court finds that this is not a case in which the plaintiff or petitioner was inactive in moving the case forward. Further, the Court finds that the delay was not of such an extent to warrant dismissal. Accordingly, the Court finds that the first two factors do not support dismissal.

Under the third factor, the Court finds that DOC has provided a reasonable excuse for the delay. DOC was active in preparing transcripts for this action. Additionally, Santos' counsel informed DOC that he would order and obtain the transcripts. DOC's counsel followed up on the status of the transcripts but did not receive an update from Santos' counsel. As the Court finds that the delay is reasonable, the burden shifts to Santos to demonstrate prejudice. Santos argues that he is prejudiced each day DOC fails to prosecute this matter because he continues to await the enforcement of the Commission's judgment in his favor and is unable to recover what is due to him. The Court finds that a thirteen-month delay in the

reinstatement of employment does prejudice Santos. Thus, the Court determines that the third factor weighs in favor of dismissal.

With respect to the fourth factor, the Court recognizes that "public policy favors the disposition of cases on their merits and disfavors the dismissal of cases prematurely." Lujan v. McCreadie, 2014 Guam 19 ¶ 21. Under the circumstances of this case, the Court finds that the public policy in favor of determining cases on their merits justifies the delay and prejudice in this action. The thirteen month delay, while appreciable, is not significant enough to warrant dismissal over disposition on the merits. Additionally, determining this matter on its merits promotes the public policies of finality and clarification of law. Thus, the Court finds that the fourth factor does not weigh in favor of dismissal.

Under the fifth factor, the Court finds that other lesser sanctions are much more appropriate at this time than dismissal. Again, this is not a matter in which the plaintiff or petitioner was completely inactive. The delay in this matter was caused by the failure to timely procure transcripts from the Commission. This failure was due in part to the miscommunication or lack of communication between the parties' counsel. Under these circumstances, the Court finds that dismissal is a sanction unwarranted and inappropriate. Thus, the Court determines that the fifth factor does not weigh in favor of dismissal.

After considering the five factors espoused by the Supreme Court, this Court determines that dismissal is not appropriate at this time. While the third factor weighs in favor of dismissal, the Court finds that the other four do not support dismissal. Because only one factor supports dismissal, the Court finds that dismissal for failure to prosecute is not warranted.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court DENIES Real Party in Interest Eric S.N. Santos' Motion to Dismiss for Failure to Prosecute.

SO ORDERED, this _8th_ day of _March_ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG Civil, R-Todd Thompson.
Civille & Tang & Civil Service
Date: 3/8/18 Time: 10:10am

Deputy Clerk, Superior Court of Guam